UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY MARAIO,

                Plaintiff,

    - against -

CMSG RESTAURANT GROUP, LLC dba
LARRY FLYNT'S HUSTLER CLUB et al.,

                Defendants.
------------------------------------------------------------X

22-CV-2178 (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On November 10, 2022, the parties filed a proposed settlement agreement and requested approval pursuant to *Cheeks v. Freeport Pancake House*. (Dkt. 28) (incorrectly designated as a request for leave to file excess pages). On November 14, 2022, the Court issued an order noting two concerns with the proposed settlement agreement, which the parties needed to remedy or address in a supplemental filing: (1) Plaintiff's stipulation, for settlement purposes only, to being a non-employee, even though an employment relationship is required for recovery; and (2) the provisions requiring confidentiality, which generally are not appropriate for settlement of an FLSA case. (Dkt. 29.)

On February 14, 2023, the parties submitted a revised settlement agreement with a cover letter purporting to address the two concerns previously expressed by the Court. The parties misapprehended the Court's first concern as being the tax characterization of settlement payments. That was not the issue. Rather, the Court's concern, as stated in the November 14, 2022 order, was Plaintiff's stipulating to being a non-employee, which, if correct, would be incompatible with Defendants' liability. The Defendants can dispute

1

and not admit to an employment relationship with Plaintiff, but that is different than Plaintiff admitting to not being an employee. In any event, the revised settlement agreement resolves this issue.

The revised agreement does not, however, redress the Court's second concern. The cover letter describes the revised agreement as entirely eliminating the confidentiality provisions and instead "substitute[ing] a limited proscription of publicity addressed principally to the use of the settlement for marketing, advertisement or client solicitation." (Dkt. 32.) Counsel's letter does not accurately characterize the revised provision. Although titled "No Publicity," the provision reads in relevant part as follows:

> The Parties agree that they and their agents and representatives shall not publish or in any way assist in publishing the existence of this Agreement nor detail contained in this Agreement, including the amount stated in Paragraph 3 and otherwise in this Agreement…. The existence of and details contained in this Agreement, including the amount stated in Paragraph 3 and otherwise in this Agreement, shall not be used in any marketing, advertisement, or solicitation, by plaintiff, his agents, or his representatives.

(Dkt. 32-1 ¶ 5.) The second sentence is acceptable; the first sentence is not. To "publish" has a variety of meanings, including to disseminate information to others. By barring any publishing of the Settlement Agreement, the revised provision is the equivalent of a confidentiality restriction prohibiting disclosure.

"In this Circuit, courts routinely reject bids to keep FLSA settlements confidential." *Cortes v. Bronx Bar and Grill, LLC*, 19-CV-2819, 2019 WL 6318430, at *2 (S.D.N.Y. Nov. 25, 2019). Confidentiality provisions in FLSA settlement agreements "are contrary to public policy and the remedial purposes of the FLSA because they 'prevent the spread of information about FLSA actions to other workers ... who [could] then use that information

to vindicate their own statutory rights.'" *Weng v. T&W Restaurant, Inc.*, No. 15-CV-8167, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (quoting *Lopez v. Ploy Dee, Inc.,* No. 15-CV-647, 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016)); *see also Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) ("As many courts have observed, both before and after *Cheeks* was decided, '[c]onfidentiality provisions in FLSA settlements are contrary to public policy'") (quoting *Guerra–Alonso v. W. 54 Deli., Corp.*, No. 14-CV-7247, 2015 WL 3777403, at *1 (S.D.N.Y. May 22, 2015)).

The "No Publicity" provision violates these principles. For the settlement agreement to be acceptable, the provision in its current form must be deleted or revised. The parties may, however, provide that the payment amount shall remain confidential, even if the other terms of the agreement or its existence do not. See *Cortes*, 2019 WL 6318430 at *2 (rejecting restrictions on disclosure of settlement except for amount of settlement).

If the parties intend to submit a further revised settlement agreement, they shall do so by March 15, 2023.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 15, 2023
       New York, New York